| | |
|---|---|
| 1   MELINDA HAAG (CABN 132612)<br>      United States Attorney<br>2<br>3   DAVID R. CALLAWAY (CABN 121782)<br>      Chief, Criminal Division<br>4   ROGER DINH (NYBN 4979274)<br>      Special Assistant United States Attorney | FILED<br>APR 16 2015<br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>OAKLAND |

```
 1   MELINDA HAAG (CABN 132612)
     United States Attorney
 2
 3   DAVID R. CALLAWAY (CABN 121782)
     Chief, Criminal Division
 4
     ROGER DINH (NYBN 4979274)
 5   Special Assistant United States Attorney

 6        1301 Clay Street, Suite 340S
          Oakland, California 94612
 7        Telephone: (510) 637-3680
          FAX: (510) 637-3724
 8        Roger.Dinh@usdoj.gov

 9   Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>IZUCHUKWU ONYEAGOCHA,<br>     a/k/a Izu Gordon Onyeagucha,<br>     a/k/a Arzu Jones,<br><br>     Defendant. | NO. 15-CR-00148 JSW<br><br>[PROPOSED] ORDER TO DETAINING<br>DEFENDANT IZUCHUKWU ONYEAGOCHA<br><br>Date:     April 16, 2015<br>Time:    9:30 a.m.<br>Court:    Hon. Donna M. Ryu |

Defendant Izuchukwu Onyeagocha is charged in an indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On April 13, 2015, the United States moved for the defendant's detention pursuant to 18 U.S.C. § 3142, and requested a detention hearing, as permitted by 18 U.S.C. § 3142(f). On April 16, 2015, following a hearing pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services report, the indictment filed in this case, the proffers by both parties, and the factors set forth in 18 U.S.C. § 3142(g), the Court ordered the defendant detained, finding the government had met its burden of showing by clear and convincing evidence that no condition or combination of conditions in 18 U.S.C. § 3142(c)

1  will reasonably assure the safety of any other person and the community. *See* 18 U.S.C. §§ 3142(e) and
2  (f). In particular, the Court considered the defendant's prior criminal history with a firearm, prior
3  violent conduct, significant criminal history, lack of moral suasion of proposed co-signors, and history of re-offending while on community supervision. ~~and the close proximity in time with which the alleged instant offense occurred in~~
4  ~~relation to another criminal conviction. Additionally, the Court made the finding that the government~~
5  ~~had met its burden of showing by a preponderance of the evidence that no condition or combination of~~
6  ~~conditions will reasonably assure the appearance of the defendant. *See United States v. Motamedi*, 767~~
7  ~~F.2d 1403, 1407 (9th Cir. 1985).~~

8        Defendant is ordered detained as no condition or combination of conditions in 18 U.S.C. §
9  3142(c) will reasonably assure ~~the appearance of defendant as required and~~ the safety of any other
10 person and the community.

11       Defendant is committed to the custody of the Attorney General or a designated representative for
12 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
13 sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a
14 reasonable opportunity to consult privately with counsel. *See* 18 U.S.C. § 3142(i)(3). On order of a
15 court of the United States or on request of an attorney for the government, the person in charge of the
16 corrections facility must deliver defendant to the United States Marshal for a court appearance. *See* 18
17 U.S.C. § 3142(i)(4).

19       IT IS SO ORDERED.

21 Dated: 4/16/15

                                                          HON. DONNA M. RYU
                                                           United States Magistrate Judge